HUNTSMAN v. LONGWELL.

(Circuit Court of Appeals, Fifth Circuit. January 6, 1925. Rehearing Denied February 10, 1925.)

No. 4150.

1. Usury ⚖➝77—Subsequent transaction will not render contract usurious.

If a contract is not affected by usury in its inception, it is not rendered usurious by a subsequent transaction.

2. Usury ⚖➝115—Extrinsic evidence admissible to show real transaction.

Under a plea of usury to a note not usurious on its face, extrinsic evidence is admissible to show the real transaction, both to impeach and to sustain its validity.

In Error to the District Court of the United States for the Western District of Texas; W. R. Smith, Judge.

Action at law by J. J. Longwell against J. H. Huntsman. Judgment for plaintiff, and defendant brings error. Affirmed.

C. W. Croom, of El Paso, Tex., and Zach Lamar Cobb, of Los Angeles, Cal. (Croom, Goldstein & Croom, of El Paso, Tex., on the brief), for plaintiff in error.

A. H. Culwell, of El Paso, Tex. (W. M. Coldwell, of El Paso, Tex., on the brief), for defendant in error.

Before WALKER and BRYAN, Circuit Judges, and DAWKINS, District Judge.

WALKER, Circuit Judge. Longwell recovered judgment against Huntsman in an action on a promissory note given by the latter to the former, and dated November 11, 1917, which note was given in renewal of a note of Huntsman to Longwell, dated May 11, 1917, for $15,000, with interest thereon at 8 per cent. per annum. The defense of usury was set up by a pleading which contained allegations to the effect that Huntsman, as compensation for the use of the principal sum borrowed, $15,000, agreed to pay greatly in excess of the 10 per cent. interest allowed by law; such agreement being evidenced by a written instrument, dated May 12, 1917, signed by Longwell and Huntsman, by the terms of which Huntsman, in consideration of a loan to him of $15,000 by Longwell, obligated himself to assume the payment of more than $20,000, evidenced by notes to two banks, on which Longwell was liable; that liability having been incurred while Longwell was associated with one Bannell in an automobile business, and prior to Longwell's sale of his interest in that business to Bannell.

Those allegations were put in issue. By written stipulation a jury was waived, and the case was tried by the court. Huntsman introduced evidence which was relied on to prove that the note dated May 11 and the written instrument dated May 12 were parts of one transaction. Thereafter, over objection, Longwell was permitted to introduce evidence to the effect that the transaction which the note of May 11 purported to evidence was concluded on that date, that the only promise made by Huntsman in consideration of the $15,000 paid to him on that date was expressed in that note, that the instrument dated May 12 was signed on that date at the instance of one of the above-mentioned banks, that Huntsman, in obligating himself to the banks as stated in that instrument, did so in pursuance of the terms of his purchase from Bannell of an interest in said automobile business, and that there was no agreement or understanding on that subject between Longwell and Huntsman

when the note of May 11 was executed and the money borrowed was paid by the lender.

[1, 2] It was not error to permit Longwell to introduce evidence as above stated. On its face the note dated May 11, 1917, was not usurious. If, in its inception, the contract which that instrument purported to evidence was unaffected by usury, it was not invalidated by a subsequent transaction. Nichols v. Fearson, 7 Pet. 103, 8 L. Ed. 623. Where the inquiry is whether the contract is one forbidden by law, it is open to evidence dehors the agreement to show that, though legal upon its face, it was in fact an illegal agreement. Houghton v. Burden, 228 U. S. 161, 33 S. Ct. 491, 57 L. Ed. 780; Hotel Co. v. Wade, 97 U. S. 13, 24 L. Ed. 917. Huntsman having introduced evidence as above stated, it was open to Longwell to rebut that evidence by other evidence to the effect that the note dated May 11 and the instrument dated May 12 each evidenced a separate transaction, that the loan of money which the note purported to evidence was consummated on May 11th, and that there was no usury in that transaction. Evidence showing the real character of a transaction alleged to be usurious is admissible as well to support its validity as to avoid it. Andrews v. Pond, 13 Pet. 65, 10 L. Ed. 61; 39 Cyc. 1054.

No ruling of the court with reference to the evidence as a whole is presented for review. The record shows no reversible error. The judgment is affirmed.